972 P.2d 1097

Augustus J. ISAAK, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 24279

Court of Appeals of Idaho.

Jan. 20, 1999.

Randall D. Schulthies, Bannock County Public Defender; W. Kim Claussen, Deputy Public Defender, Pocatello, for appellant. Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

SCHWARTZMAN, Judge.

Augustus J. Isaak appeals from the district court's summary dismissal of his application for post-conviction relief. For the reasons stated below, we reverse and remand for proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Isaak pled guilty to second degree murder and was sentenced on April 8, 1996, to serve a unified life sentence with twenty years fixed. Isaak did not appeal his judgment of conviction or sentence. On October 1, 1997, Isaak filed an application for post-conviction relief asserting that he was mentally ill and under the influence of substantial amounts of psychotropic medication throughout all proceedings. As a result, Isaak claims that his guilty plea was not knowingly entered and he was denied due process. In addition, Isaak asserts that because his trial counsel was aware of his serious psychological problems and the fact that he was under the influence of large amounts of psychotropic drugs, but nevertheless allowed the proceedings to move forward, trial counsel rendered ineffective assistance.

On the following day, October 2, the state filed a joint answer and motion to dismiss, denying Isaak's claims for relief and in the concluding paragraph requesting that Isaak's petition be dismissed for untimeliness pursuant to Idaho Code Section 19–4902. Eight days later, on October 10, the court summarily granted the state's motion to dismiss, concluding that Isaak's application was untimely because it was filed more than one year and forty-two days after his sentence was imposed. Isaak appeals.

## II.

## ANALYSIS

Isaak argues that the district court erred in dismissing his application for post-conviction relief without first providing him with notice of the intent to dismiss or holding a hearing, thereby depriving him of an opportunity to respond to the motion. The state responds that because neither party requested oral argument on the motion, the court was not required to hold a hearing before summarily dismissing Isaak's application for post-conviction relief.

**370**

■ Idaho Code Section 19–4902 requires that an application for post-conviction relief be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."[1] Upon motion of a party, the court may dismiss an application for post-conviction relief without holding an evidentiary hearing.

> The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

I.C. § 19–4906(c). However, an applicant "is still entitled to twenty days to respond, so as to afford an opportunity to establish a material fact issue." *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995),

*citing State v. Christensen*, 102 Idaho 487, 488, 632 P.2d 676, 677 (1981).

Here, the state filed its combined answer and motion to dismiss Isaak's application for post-conviction relief on October 2, and the court summarily granted that motion and dismissed Isaak's application with prejudice eight days later. Because Isaak was not given at least twenty days to respond to the state's motion to dismiss, we reverse the district court's order dismissing Isaak's application and remand to allow Isaak the opportunity to respond to that motion.[2]

Chief Judge PERRY and Judge LANSING, concur.

---

1. In his notice of appeal, Isaak asserts that if he were permitted to respond to the state's motion to dismiss, he would argue that this one-year statute of limitation should be waived due to the fact that he suffered from a mental disease or defect and was under the influence of psychotropic medication and therefore unable to timely file an application. We note that the one-year statute of limitation for filing an application may be tolled under certain circumstances. *See Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct.App.1997) (where an inmate is denied access to Idaho courts, the limitation period for filing a UPCPA may be tolled until inmate gains ability to access the court), *rev. denied; Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct.App.1996) ("Abbott's assertion that mental disease or psychotropic medication rendered him incompetent and prevented him from earlier pursuing challenges to his conviction are sufficient to raise factual issues and intertwining legal issues as to whether he was prevented from timely

filing his action by mental incapacity or medication, whether strict application of the one-year statute of limitation would deprive Abbott of any meaningful opportunity to present his claims for post-conviction relief, and whether the statute of limitation should be deemed tolled in such circumstance to avoid violation of constitutional due process guarantees."); *see also* I.C. § 5–230.

2. We also take this opportunity to comment that, when this sort of procedural error has occurred in the dismissal of a post-conviction action, rather than taking an immediate appeal, it would ordinarily be more expedient for the applicant to file a motion in the district court for relief from the judgment under Idaho Rule of Civil Procedure 11(a)(2)(B) or 59(e). Bringing the error to the district court's attention in this manner would give that court an opportunity to take prompt corrective action and could eliminate the need for, and the delay attending, an appeal.