**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34755**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2009 Opinion No. 32** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 28, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **COLLINS OCHIENG,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Merritt L. Dublin, Special Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Collins O. Ochieng appeals from the district court's summary dismissal of his application for post-conviction relief. We affirm.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

Ochieng was charged with sexual abuse of a child under the age of sixteen years. Idaho Code § 18-1506(1). Pursuant to a plea agreement, the State amended the charge and Ochieng pled guilty to injury to a child. I.C. § 18-1501(1). He was sentenced to a unified term of ten years with three years determinate. The sentence was suspended and Ochieng was placed on probation and ordered to spend one year in the Bannock County Jail. He did not file a direct appeal. Ochieng is a permanent resident from Kenya who lacks United States citizenship. Sometime after his sentencing, he was transferred by the Immigration and Naturalization Service

1

(INS) to a detention facility in Aurora, Colorado where he was subject to deportation proceedings.

On May 29, 2007, more than one year and eight months after he was sentenced, Ochieng filed a pro se motion to modify his conviction and sentence and a motion for appointment of counsel. The district court noted its uncertainty as to whether Ochieng's motion was meant to be an Idaho Criminal Rule 35 motion or an application for post-conviction relief; however, in either case, it was dismissed as untimely. In the same order, the court denied the motion for appointment of counsel. Ochieng filed a motion for reconsideration which the court considered and dismissed. This appeal followed.

## II.

## ANALYSIS

The issues presented on appeal are: (1) whether the district court erred by sua sponte raising the statute of limitations as the basis to dismiss Ochieng's application for post-conviction relief;[1] (2) whether the district court erred by dismissing the application without giving Ochieng a twenty-day notice; (3) whether the district court should have appointed Ochieng counsel prior to dismissing his application; and (4) whether the statute of limitations should have been equitably tolled.

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the

---

[1] The district court did not determine whether Ochieng's motion was a request to reduce his sentence pursuant to Idaho Criminal Rule 35 or an application for post-conviction relief. However, on appeal, Ochieng argues only that his motion should be considered an application for post-conviction relief and we will treat it as such for purposes of the appeal.

applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the nonmoving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

Ochieng argues that the district court committed reversible error when it sua sponte dismissed his application for post-conviction relief on the basis that he failed to file the application within the time limitations articulated in I.C. § 19-4902. Ochieng contends that the failure to comply with the statute of limitations is an affirmative defense that the state was required to have raised in response to his application, or else the defense would have been waived.

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App.

1992). The statute of limitations for post-conviction actions provides that an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Freeman*, 122 Idaho at 628, 836 P.2d at 1089. The failure to file a timely application is a basis for dismissal of the application. *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003).

Idaho Code § 19-4906(b) allows the court to raise the statute of limitations on its own motion. It instructs in pertinent part:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal.

The trial court, in determining whether the applicant is not entitled to post-conviction relief, is not limited to defenses pled by the State. *Martinez v. State*, 130 Idaho 530, 533, 944 P.2d 127, 130 (Ct. App. 1997). The trial court may issue a notice of its intent to dismiss before the State has filed any response whatsoever to the application. *Id*. Accordingly, it is proper for the district court to consider the statute of limitations even if this defense is not raised by the State. *Id*. While the statute of limitations can be raised as an affirmative defense by the State pursuant to I.C. § 19-4906(b), it can also be raised sua sponte by the court. Therefore, the district court acted properly when it sua sponte raised the statute of limitations in regard to Ochieng's application for post-conviction relief. *See Cole v. State*, 135 Idaho 107, 15 P.3d 820 (2000).

The initial decision of the district court was issued without any prior notice to Ochieng, and therefore violated the notice requirement of I.C. § 19-4906(b). In *Isaak v. State*, 132 Idaho 369, 370 n.2, 972 P.2d 1097, 1098 n.2 (Ct. App. 1999), this Court endorsed the use of a motion for reconsideration to address a notice violation prior to appeal:

> We also take this opportunity to comment that, when this sort of procedural error has occurred in the dismissal of a post-conviction action, rather than taking an immediate appeal, it would ordinarily be more expedient for the applicant to file a motion in the district court for relief from the judgment under I.R.C.P. 11(a)(2)(B) or 59(e). Bringing the error to the district court's attention in this manner would give that court an opportunity to take prompt corrective action and could eliminate the need for, and the delay attending, an appeal.

As suggested by the *Isaak* court, Ochieng timely filed a motion for reconsideration. The district court's initial order, thus, served as notice to Ochieng of the proposed basis for dismissal, i.e., the untimeliness of the application. It is evident that Ochieng understood the reason his application was to be dismissed as he directly addressed the district court's reason for dismissal in his motion for reconsideration. Ochieng claimed that the statute of limitations should be equitably tolled. The district court addressed Ochieng's arguments in its subsequent decision and again dismissed the application. Under these circumstances, adequate notice was provided under I.C. § 19-4906(b).

Ochieng claims that the district court erred when it failed to appoint counsel to represent him prior to dismissing his application. If a post-conviction applicant is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the applicant in preparing the application, in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Charboneau,* 140 Idaho at 792, 102 P.3d at 1111; *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The district court abuses its discretion where it fails to determine whether an applicant for post-conviction relief is entitled to court-appointed counsel before denying the application on the merits. *See Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the applicant is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the applicant. *Id*. In its analysis, the district court should consider that applications filed by a pro se applicant may be conclusory and incomplete. *See id*. at 792-93, 102 P.3d at 1111-12. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se applicant does not know the essential elements of a claim. *Id*. Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State,* 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if an applicant alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the applicant an opportunity to

5

work with counsel and properly allege the necessary supporting facts. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112.

Although Ochieng's application may present several issues which raise the possibility of a valid underlying claim, the threshold issue is whether the facts raise the possibility of a valid claim of tolling the time limitations articulated in I.C. § 19-4902. Ochieng agrees that his application was not timely. However, he argues that the time limitation should be equitably tolled because he was "whisked to an INS holding facility," and subject to "continued detention by INS," out-of-state. He also argues that he has no legal background, English is not his first language, he could not afford private counsel and "had been locked up for a long time as a result of this case."

The statute of limitations for filing an application for post-conviction relief may be tolled if the applicant has been effectively denied access to the courts. *Martinez*, 130 Idaho at 535-36, 944 P.2d at 132-33. To demonstrate the denial of meaningful access to the courts, an inmate must show that shortcomings in the prison legal program prevented his effort to pursue a claim, *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). The Constitution requires only that inmates be given a reasonably adequate opportunity to present to the courts their nonfrivolous legal claims relating to their convictions, sentences, and conditions of confinement. *See id*. at 355-60. In Idaho, equitable tolling of the statute of limitations for filing a post-conviction relief application has been recognized: (1) where the applicant was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; and (2) where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his conviction. *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2004). However, the statute of limitations will not be tolled if an applicant had adequate access to the courts and Idaho legal materials prior to being transferred to an out-of-state facility. *Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001).

Ochieng's circumstances do not fall within the situations recognized in Idaho for application of the equitable tolling doctrine, nor has he demonstrated shortcomings in the prison legal program that prevented his effort to pursue a claim. He has not alleged, nor do the facts show, that he had a mental disease or was on psychotropic medication rendering him incompetent. Ochieng fails to allege, and the facts affirmatively disprove, that he was being held in an out-of-state facility on an in-state conviction. Ochieng's out-of-state detention was due to

6

his INS proceedings, not by action of the state of Idaho. Although there may be circumstances in which a language barrier would legitimately give rise to an access to court claim for purposes of extending the filing deadline, *Sayas*, 139 Idaho at 960, 88 P.3d at 779, such is not the case here. While Ochieng claims that English is not his first language, in his written waiver of preliminary hearing and guilty plea questionnaire, filed in the district court, he indicated that he reads and understands English. He did not require an interpreter in the underlying criminal proceedings. Moreover, Ochieng wrote two letters to the district court in January of 2006, prepared either through his own efforts or through access to bilingual assistance. Other than asserting that English is not his first language and that he has been incarcerated in Idaho and elsewhere because of INS proceedings, Ochieng has offered no cogent reasons as to why his application was filed more than eight months beyond the statutory time limit.

In addition, the letter attached to Ochieng's application shows that he was in a local jail on January 6, 2006, more than four months after his sentencing. His motion for reconsideration alleges that he remained in the county jail on January 19, 2006. The record is unclear when Ochieng was transferred out-of-state. However, even if it were assumed that he did not have adequate access to the district court after his transfer, he had adequate time prior to his transfer to file his application, as evidenced by the letters written to the district court. Thus, he had sufficient time while in Idaho to pursue his claim, such that his access to Idaho courts was not unduly restricted. *See Evensiosky*, 136 Idaho at 191, 30 P.3d at 969. Therefore, Ochieng did not allege facts sufficient to raise the possibility of a valid claim for equitable tolling and the district court did not abuse its discretion in denying his motion for appointment of counsel.

### III.

### CONCLUSION

The district court was within its authority to sua sponte raise the timeliness issue. The district court's failure to give Ochieng a twenty-day notice before dismissing his application was cured because his motion for reconsideration had the effect of rendering the initial decision as notice to which Ochieng provided his response. The district court properly denied the motion for appointment of counsel because Ochieng's claim for equitable tolling could clearly not be developed into a viable claim even with the assistance of counsel. The application was untimely. The district court's summary dismissal of the application for post-conviction relief is affirmed.

Judge PERRY and Judge GUTIERREZ, **CONCUR.**

7