IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 38903

| | | |
|---|---|---|
| SHAUN ELMO HYER, | ) | 2013 Unpublished Opinion No. 550 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 26, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Shaun Elmo Hyer appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

The background of this case is explained in this Court's unpublished opinion in the prior appeal, *Hyer v. State*, Docket No. 36802 (Ct. App. Oct. 29, 2010):

In the underlying criminal case, Hyer pled guilty to one count of lewd conduct with a minor under sixteen pursuant to a plea agreement. I.C. § 18-1508. Hyer entered the agreement in exchange for the state dismissing three counts of possession of sexually exploitative material. The district court imposed a unified twenty-year sentence, with six years determinate. Hyer challenged the sentence through an Idaho Criminal Rule 35 motion arguing that he "received two addenda to his presentence investigation report (PSI), which he was unaware of at the time his sentence was imposed." The district court granted a hearing on the Rule 35 motion and subsequently entered a written order affirming the original sentence. Hyer appealed and this Court vacated his judgment of conviction and remanded

1

the case to the district court for resentencing at a proceeding in which Hyer was in attendance. Following remand, the district court re-entered judgment.

More than four years after the re-entered judgment of conviction, Hyer filed a pro se petition for post-conviction relief alleging: (1) ineffective assistance of counsel; (2) violation of his Fifth Amendment privilege against self-incrimination; and (3) denial of "fundamental fairness embedded in the Fourteenth Amendment due process clause." In addition, Hyer filed a motion for appointment of counsel. The district court granted Hyer's request for counsel, and also issued a notice of intent to dismiss all claims except for one claim of ineffective assistance of counsel. The district court subsequently entered an order summarily dismissing Hyer's petition after receiving no response from Hyer. Hyer then filed a motion for reconsideration through counsel pursuant to Idaho Rule of Civil Procedure 60(b). Hyer's post-conviction counsel submitted an affidavit in support of the motion in which he stated that he and Hyer were in disagreement over which claims should be pursued. Hyer's counsel acknowledged that he had not complied with the district court's notice, but asked the court to find good cause or excusable neglect for his noncompliance. The district court determined that the disagreement between Hyer and his counsel did not justify the failure to file a timely response and denied the motion to reconsider. Hyer appeals from both the summary dismissal of his petition for post-conviction relief as well as the denial of the motion for reconsideration.

*Id.* This Court reversed in part, finding that the district court erred by not providing proper notice before it dismissed Hyer's claim that trial counsel failed to file an appeal and remanded the case for further proceedings. *Id.*

On remand, the State moved for summary dismissal and filed a memorandum in support, raising the affirmative defense of the statute of limitations and asserting that the petition was untimely filed.[1] The district court held a hearing wherein Hyer presented no evidence, but rested on his affidavit. The district court summarily dismissed the petition on the timeliness grounds. Hyer appeals.

## II.

## ANALYSIS

Hyer asserts that the statute of limitations should be tolled in his case because he was housed in an out-of-state facility and effectively denied access to Idaho legal materials, and was therefore unable to develop claims or pursue a post-conviction petition until his return to Idaho. The State counters that Hyer is not entitled to tolling because his time in Idaho was sufficient to file a petition, and that Hyer's assertion of the inadequacy of legal materials is conclusory and

---

[1] The timeliness of the petition was not raised in the prior appeal.

inadequate. While Hyer acknowledges that he was housed in Idaho for nearly the first eight months of his sentence, he nevertheless contends that to deny tolling would be to effectively say that in his case, the statute of limitations is only eight months and not twelve.

Our review of the district court's construction and application of the limitations statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades v. State*, 148 Idaho 247, 251, 220 P.3d 1066, 1070 (2009); *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). The rationale for equitable tolling is to allow a petition where an individual has been effectively denied access to the courts owing to some shortcoming in the prison programs that prevented any effort to pursue a claim. *See State v. Ochieng*, 147 Idaho 621, 626, 213 P.3d 406, 411 (Ct. App. 2009). This Court has specifically held that the statute of limitations will not be tolled if a petitioner had adequate access to the courts and Idaho legal materials prior to being transferred to an out-of-state facility. *Id*. Such is the case here, where Hyer has not alleged that he was unable to file a petition during the eight months following his conviction before he was transported out of state. Hyer contends, as we have mentioned, that this effectively means that for him the statute of limitations was really only eight months. He is correct to a point, but his assertion yields no relief. To be entitled to equitable tolling, Hyer would have to show that he was unable to file not only for the final four months of the time for filing a petition and the next several years that followed, but also the entire eight months following his conviction so that he was completely foreclosed from filing a petition until his return to Idaho. *See Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001); *Kriebel*, 148 Idaho at 191, 219 P.3d at 1207. Hyer has not

3

made any such showing and the district court properly dismissed the petition as untimely. Because we find the issue of timeliness dispositive, we need not reach the State's argument that Hyer's assertions regarding the sufficiency of legal materials available to him out of state were bare and conclusory.

## III.

## CONCLUSION

Hyer did not file his petition for post-conviction relief within the statutory time period, and his petition is untimely. Because Hyer has not shown that he was prevented from filing a petition for post-conviction relief for the entire statutory time period, he is not entitled to a tolling of the statute of limitations. We affirm the judgment summarily dismissing Hyer's petition for post-conviction relief.

Judge LANSING and Judge MELANSON **CONCUR.**

4