# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40321

| | | |
|---|---|---|
| RONALD LEE MACIK, | ) | 2013 Unpublished Opinion No. 722 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: October 24, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>reversed</u> and <u>case remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ronald Lee Macik appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons stated below, we reverse and remand to the district court for further proceedings.

In 1972, Macik pled guilty to first degree murder and the district court imposed a life sentence. Macik did not appeal, or any appeal that he filed was dismissed, as there is no record of an appeal in his case. On March 14, 2011, Macik wrote a letter to the district court that was treated as a motion to withdraw his guilty plea and counsel was appointed to represent him. The district court concluded that it was without jurisdiction to consider the merits of Macik's claim and denied the motion. This Court affirmed the district court's decision in *State v. Macik*, Docket No. 39233 (Ct. App. 2012) (unpublished) and a remittitur was issued on June 28, 2012.

On July 26, 2012, Macik filed a petition for post-conviction relief, alleging several claims related to the entry of his guilty plea in 1972. Macik also filed a motion for the appointment of

1

counsel, which the district court denied on August 8, 2012. On August 22, 2012, the State filed a motion for summary dismissal of Macik's petition. The district court granted the motion five days after its filing and summarily dismissed the petition on August 27, 2012.

On August 29, 2012, Macik filed a motion for leave to amend his petition, requesting permission to submit evidence of his claims to the district court. On August 30, 2012, the district court denied his motion, finding that he failed to identify any new claims he might have. Macik timely appeals.

Macik argues that the district court erred by not allowing him twenty days in which to respond to the State's motion for summary judgment. When the State files a motion to dismiss, the petitioner is entitled to a twenty-day period of time to respond. *State v. Christensen*, 102 Idaho 487, 489, 632 P.2d 676, 678 (1981); *Isaak v. State*, 132 Idaho 369, 370, 972 P.2d 1097, 1098 (Ct. App. 1999). The purpose of the twenty days' notice is to ensure that the applicant will have an opportunity to challenge an adverse decision before it becomes final. *Baruth v. Gardner*, 110 Idaho 156, 158-59, 715 P.2d 369, 371-72 (Ct. App. 1986); *Gibbs v. State*, 103 Idaho 758, 760, 653 P.2d 813, 815 (Ct. App. 1982). Ordinarily, the failure to provide a petitioner with twenty days' notice before entering an order of summary dismissal is ground for reversal. *See Saykhamchone v. State*, 127 Idaho 319, 321-22, 900 P.2d 795, 797-98 (1995); *Buss v. State*, 147 Idaho 514, 518-19, 211 P.3d 123, 127-28 (Ct. App. 2009).

As discussed above, the State filed its motion for summary dismissal of Macik's petition on August 22, 2012. The district court granted the motion and summarily dismissed the petition on August 27, 2012. Accordingly, Macik was not allowed the mandatory twenty-day period to respond to the State's motion.[1] Without the requisite time to respond, Macik lost the opportunity

---

[1]     The State argues that the error was harmless because Macik was provided with notice that his petition was untimely when the district court denied his motion for appointment of counsel on August 8, 2012, and he had the opportunity to respond to the untimeliness issue in his motion for leave to amend his petition on August 29, 2012. Macik's motion for leave to amend his petition did not explain why he failed to comply with the statute of limitations, but only requested to be able to provide proper evidence of his underlying claims. Therefore, the State asserts that the district court's error was harmless because when given the chance to address the untimeliness of his petition, Macik instead sought permission to provide the district court with more information regarding his underlying claims. Although the order denying appointment of counsel did articulate that Macik's petition was untimely, the order did not state that Macik had twenty days to reply or his petition would be dismissed. Further, the order did not state that it was a notice of the court's intent to dismiss the petition pursuant to I.C. § 19-4906(b).

to correct the defects in his petition and possibly avoid summary dismissal. The opportunity for an applicant to adequately and appropriately respond, in order to avoid summary dismissal and have the merits of his or her application considered at an evidentiary hearing, is a substantial right. *Baker v. State*, 142 Idaho 411, 421, 128 P.3d 948, 958 (Ct. App. 2005). When that right is affected by a defective notice of proposed dismissal, this Court cannot disregard the error. *Id.* Therefore, we conclude that the district court erred by dismissing Macik's petition without allowing him the prescribed time to respond. Thus, we reverse the district court's order summarily dismissing Macik's petition for post-conviction relief and remand. Regardless of how apparent the appropriateness of summary dismissal may be, the petitioner is entitled to the full twenty days to respond.

The district court was required to allow Macik twenty days to respond to the State's motion for summary dismissal. Therefore, we reverse the district court's order summarily dismissing Macik's petition for post-conviction relief and remand this matter to the district court for further proceedings.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

Therefore, the order denying appointment of counsel did not initiate the twenty-day period. Moreover, Macik's motion for reconsideration did not serve, as the State suggests, to cure the premature dismissal.