IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40548

| DAVID KARL LONN, | ) | 2014 Unpublished Opinion No. 385 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 20, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Jeff M. Brudie, District Judge.

Judgment summarily dismissing post-conviction action, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

David Karl Lonn filed a petition for post-conviction relief nearly three years after the judgment of conviction was entered in his case. The State filed a motion seeking summary dismissal because Lonn's petition was untimely. In response, Lonn argued that the time to file his petition was tolled by a pending appeal. He acknowledged that he never filed a formal notice of appeal in order to commence appellate proceedings, but argued that written messages sent to the district court should be treated as the functional equivalent of a notice of appeal. The district court granted the State's motion for summary dismissal, and Lonn appeals.

## I.

## BACKGROUND

Pursuant to an amended indictment, Lonn pleaded guilty to one count of trafficking in heroin, Idaho Code § 37-2732B. On October 1, 2008, the court pronounced Lonn's sentence, a

1

unified term of twelve years in prison with five years fixed. Thereafter, the court entered its judgment of conviction on November 14, 2008.

While in jail after being sentenced but before the judgment of conviction was entered, Lonn sent four written messages to the district court. In each communication, Lonn requested that the court send him a copy of grand jury transcripts. He explained that he wanted to see these documents in order to decide whether or not to file an appeal.[1] In his final message, he indicated he "would like to pursue an appeal," but did not indicate a belief that the message itself would commence an appeal.

Lonn filed a petition for post-conviction relief on August 8, 2011. He alleged that in his criminal case he was subjected to violations of due process, equal protection, *Brady v. Maryland*, 373 U.S. 83 (1963),[2] and the Supremacy Clause of the United States Constitution. He also raised three claims of ineffective assistance of counsel. In his accompanying affidavit, he raised various claims arising from the Universal Declaration of Human Rights and his "right" to be charged by indictment.[3] In his petition, Lonn affirmatively stated that he had *not* taken an appeal from the judgment of conviction, and none of his claims asserted that he requested that his defense attorney file an appeal.

In an amended petition, filed with the assistance of counsel, Lonn again stated that he had not filed an appeal in the criminal case. In the amended petition, Lonn claimed that he "informed the Court of his desire to appeal" and alleged that trial counsel failed to file an appeal. Lonn did not claim that his communications with the court amounted to a notice of appeal or were the functional equivalent of an appeal.

The State filed a motion for summary dismissal on the ground that Lonn's post-conviction action was barred by the statute of limitations in I.C. § 19-4902. The district court

---

[1] Lonn was concerned that the time to appeal was running short. He evidently was unaware that because of the delay in filing the judgment of conviction, the time to file an appeal had not yet began to run.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963), which holds that in a criminal case, and under certain conditions, the State has a duty to disclose evidence that is favorable to the accused.

[3] Generally, assertions that one has the right to be tried by indictment and not by information are meritless. *Warren v. Craven*, 152 Idaho 327, 330, 271 P.3d 725, 728 (Ct. App. 2012).

2

found that Lonn failed to file an appeal and thus the period to file a post-conviction action was not tolled by any appeal. On this basis, the district court summarily dismissed Lonn's petition as untimely.

On appeal, Lonn argues for the first time that his messages to the district court constituted the functional equivalent of a notice of appeal and that he therefore has pending an actual appeal in the criminal case. He argues that because that appeal has not been addressed, it is still pending and the time to file a post-conviction action remains tolled.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994). Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008); *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281

3

(2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition under the procedures set forth in I.C. § 19-4906. *State v. Ochieng*, 147 Idaho 621, 625, 213 P.3d 406, 410 (Ct. App. 2009). Our review of the district court's construction and application of the limitations statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

Here, the district court filed its judgment of conviction on November 14, 2008. The time to appeal ran forty-two days after the judgment of conviction was filed. Idaho Appellate Rule 14(a). Pursuant to I.C. § 19-4902, a petition for post-conviction review, absent tolling, must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." Because Lonn's petition was filed nearly three years after his judgment of conviction, his petition is untimely unless he has filed an appeal from his judgment of conviction.

Lonn argues that although the messages he sent to the court did not amount to a formal notice of appeal, they were the functional equivalent of an appeal. He relies upon *Baker v. State*, 142 Idaho 411, 128 P.3d 948 (Ct. App. 2005). In that case:

4

> Baker filed a motion to proceed in forma pauperis and a motion for appointment of counsel on appeal, with affidavits accompanying each motion. The district court granted these motions and counsel was appointed to represent Baker in this appeal. Three months following the district court's dismissal of his successive application, appellate counsel filed an "amended notice of appeal," although no prior notice of appeal had been filed.

*Id*. at 418, 128 P.3d at 955. In that case, this Court refused to "exalt form over substance." *Id*. at 419, 128 P.3d at 956. We summarized our holding by stating that "where a litigant files documents with the court within the time limit required by the rules and those documents give notice to other parties and the courts of a litigant's intent to appeal as required by the rules, those documents can be effective as a notice of appeal." *Id*. We note, however, that the documents filed by Baker evidenced not only an *intent* to appeal, but an actual effort to do so by requesting appointment of an attorney to represent him on appeal.

The rule in *Baker* exists to protect litigants who procedurally err when navigating the legal process. Here, Lonn's failure to engage the appellate process did not amount to a mere procedural error that we should overlook in order to reach the substance of his claims. Lonn's messages to the court were not the functional equivalent of a notice of appeal. First, Lonn presented only speculation that these communications were ever served on the State. Although Lonn's post-conviction counsel indicated that he believed it was the general practice of the district court that received the communications to forward such communications to the State, he presented no evidence this practice was followed in this case. Accordingly, we cannot conclude that the State received notice as required by *Baker*. *Id*. Second, Lonn's messages to the court insufficiently showed his intent to appeal. While Lonn's messages disclosed that he had an interest in appealing, his intent was contingent and amorphous. He did not know the specific grounds for his appeal and his interest in the appeal was contingent upon the contents of certain records he did not have. Finally, the records of the district court proceedings in both the criminal case and this post-conviction case clearly show that no party subjectively believed that Lonn had appealed. The register of actions from the underlying criminal case, submitted as an exhibit, shows that neither the court nor the State ever took any action on any appeal. There is no record of Lonn attempting to file a brief or requesting counsel or taking any action one might expect of a person with a pending appeal. In Lonn's pro se petition for post-conviction relief, he unambiguously indicated that he had *not* taken an appeal. Therefore, he obviously did not delay

filing his post-conviction action in the belief that a pending appeal was tolling the statute of limitations. Even at the hearing on the State's summary dismissal motion, Lonn's attorney did not take the position that the handwritten messages to the district court constituted a notice of appeal or that he had an actual appeal pending. Rather, he argued that those documents show that Lonn "unequivocally clearly requested more information so he could file an appeal" and that Lonn's defense counsel "was aware of the fact that he wished to file an appeal." On this basis, he asserted that "there should be an equitable tolling of the statute in this matter. In the fact that Mr. Lonn was deprived of any ability to have an appeal . . . ." Thus, post-conviction counsel argued that the statute of limitations should be tolled because Lonn had expressed a desire to appeal and his defense counsel failed to do so, not on the basis that Lonn actually had an appeal pending. For all these reasons, a determination that Lonn did not appeal does not "exalt form over substance." We conclude that Lonn did not file the functional equivalent of a notice of appeal in his criminal case.

Because Lonn never took an appeal, the statute of limitations governing his post-conviction claim began to run forty-two days after his judgment of conviction was entered. I.C. § 19-4902(a). Thereafter, Lonn had one year to file his petition for post-conviction relief. That period expired long before Lonn filed his petition. Accordingly, summary dismissal was proper, *Ochieng*, 147 Idaho at 625, 213 P.3d at 410, and the judgment of the district court granting the State's motion for summary dismissal is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**