# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46642

NATHAN BYERLY,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)

Filed: April 22, 2020

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of the district court summarily dismissing petition for post-conviction relief, affirmed.

Nathan Byerly, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Nathan Byerly appeals from the district court's judgment summarily dismissing his post-conviction petition. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Byerly was convicted of two counts of aggravated battery and one count of aggravated assault. He was sentenced to an aggregate term of fifteen years with five years determinate. Byerly did not file a direct appeal from those convictions. In 2018, Byerly filed a post-conviction petition alleging numerous claims for relief. In response, the State moved for summary dismissal arguing that Byerly's petition was time barred. Byerly filed an opposition to the State's motion for summary dismissal alleging various reasons that he was entitled to tolling of the statute of limitations. Ultimately, the district court concluded that Byerly's petition was

1

untimely. The district court entered a judgment summarily dismissing Byerly's petition. Byerly timely appeals.

## II.

## ANALYSIS

The district court summarily dismissed Byerly's post-conviction petition because it was untimely. On appeal, Byerly makes a conclusory assertion that the district court erred in dismissing his claim. However, he fails to support his position with legal argument, legal authority, or citations to the record. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). In addition, it is well settled that this Court will not search the record for errors when an appellant fails to provide citations to the record. *See State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018) (explaining that pro se appellants are held to this same standard); Idaho Appellate Rule 35(a)(6).

Byerly's appellate brief consists primarily of factual allegations unsupported by citations to the record. In addition, Byerly makes legal conclusions unsupported by appropriate authority. Byerly does cite to broad sources of law (such as the United States and Idaho constitutions, the Laws of the State of Idaho, and the United Nations Declarations of Human Rights and offers to "describe at length" how these laws apply to his case "if the court requires it to grant the petitioner the relief requested"). However, Byerly does not attempt to apply this legal authority in his briefing. Byerly does not attempt to explain how the district court erred or why his petition was untimely. Because Byerly's appeal is not supported by cogent argument or authority, we will not consider it.

Even if this Court were to consider Byerly's appeal, he fails to show that the district court erred. The district court found that Byerly's petition was patently frivolous and untimely. We agree. The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. Idaho Code § 19-4902(a). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206.

Tolling of the time to file a post-conviction petition is possible, but "[t]he bar for equitable tolling for post-conviction actions is high." *Mahler v. State*, 157 Idaho 212, 215, 335 P.3d 57, 60 (Ct. App. 2014). Idaho Courts have found tolling to be appropriate in three situations: (1) where

2

the applicant was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; (2) where mental disease and/or psychotropic medication renders an applicant incompetent and prevents the applicant from earlier pursuing challenges to his conviction; or (3) where claims were simply not known to the defendant within the time limit, yet raise important due process issues. *Charboneau v. State*, 144 Idaho 900, 905, 174 P.3d 870, 875 (2007); *State v. Ochieng*, 147 Idaho 621, 626, 213 P.3d 406, 411 (Ct. App. 2009).

Byerly's petition for post-conviction relief apparently relates to the 2005 conviction for aggravated battery and aggravated assault.[1] However, Byerly filed the present petition in 2018. Although Byerly's petition was not timely, he alleges a variety of excuses for his late filing which he claims should toll the deadline to file his petition. However, even by Byerly's own admission in the recitation of facts in his briefing, Byerly had a host of opportunities to file his post-conviction petition and failed to do so. He has failed to demonstrate that he was actually prevented from filing a petition during the entirety of the approximately thirteen years elapsing from his conviction to the filing of the petition. Indeed, Byerly describes periods of being out of jail and a host of other legal proceedings in which he was involved during that time. For those reasons, Byerly's petition was not timely filed and he has failed to demonstrate grounds for equitable tolling. Thus, the district did not error in summarily dismissing Byerly's petition.

## III.
## CONCLUSION

Byerly has failed to present adequate authority or argument for this Court to consider or address the basis for the district court's dismissal. Even if he had provided sufficient argument on appeal, his post-conviction petition was untimely. Therefore, the judgment of the district court summarily dismissing Byerly's post-conviction petition is affirmed.

Judge BRAILSFORD and Judge Pro Tem MELANSON **CONCUR**.

---

[1] Byerly also references a criminal case purportedly filed in 2005 for aggravated battery on certain personnel and contends the post-conviction petition relates to both cases. Even so, the petition is untimely as to both.

3