**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 35340**

| | | |
|---|---|---|
| **RICHARD W. KRIEBEL,** | ) | **2009 Opinion No. 62** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: September 4, 2009** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

SCHWARTZMAN, Judge Pro Tem

Richard W. Kriebel appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

On September 2, 2005, the district court imposed a unified twenty-five-year sentence, with ten years determinate, following Kriebel's conviction for lewd conduct with a child under sixteen years old. He did not directly appeal the conviction or sentence, resulting in his conviction becoming final on October 14, 2005.

On November 29, 2007, Kriebel filed a pro se petition for post-conviction relief, relying on the Supreme Court's holding in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), regarding the right against self-incrimination and the right to counsel under a "critical stage" analysis relative to psychosexual evaluations. Specifically, Kriebel argued that his attorney had

1

been deficient for failing to move to suppress his court-ordered psychosexual sentencing evaluation. He was subsequently appointed counsel. The state moved for summary dismissal of the petition, contending, among other things, that it was untimely.

Kriebel filed an affidavit stating that he had been incarcerated in Washington from some time in September 2005 until some time in December 2005. He also averred that in January 2006 his defense counsel below had advised him that he did not have "good prospects" for a post-conviction case and had failed to advise him of the "time-frames and the legal grounds to bring such cases." His post-conviction counsel filed a brief arguing that the statute of limitations period should be tolled to account for the period that Kriebel was without access to Idaho courts and because the Supreme Court's decision in *Estrada* should be applied retroactively.

A hearing was held on the timeliness of Kriebel's petition, and the district court summarily dismissed Kriebel's post-conviction claim, deciding that it had been filed untimely and that *Estrada* should not be given retroactive application. Kriebel now appeals.

## II.

## ANALYSIS

Kriebel asserts that the district court erred in granting the state's motion for summary dismissal on the grounds that his petition was untimely. Specifically, he contends that the statute of limitations on filing a post-conviction petition should have been tolled in his case because a retroactive rule was announced in *Estrada*, he had been housed out of state for approximately three months, and because his attorney had discouraged him from filing a post-conviction petition.

Idaho Code Section 19-4902 provides that "[a]n application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of a proceeding following an appeal, whichever is later." Absent a showing by the petitioner that the one-year limitation should be tolled, the failure to file a timely petition for post-conviction relief is a basis for dismissal of the petition. *Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001); *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). However, the time limitation may be enlarged if the defendant has been effectively denied access to the courts. *Sayas*, 139 Idaho at 959, 88 P.3d at 778; *Anderson v. State,* 133 Idaho 788, 792, 992 P.2d 783, 787 (Ct. App. 1999). The right of access to courts has been grounded in the Due Process Clause of the United States Constitution. *Evensiosky,* 136 Idaho at 191, 30 P.3d at 969. In Idaho,

equitable tolling of the statute of limitations for filing a post-conviction relief petition has been recognized: (1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; and (2) where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction. *Sayas*, 139 Idaho at 960, 88 P.3d at 779. *See also Isaak v. State,* 132 Idaho 369, 370 n.1, 972 P.2d 1097, 1098 n.1 (Ct. App. 1999). Our review of the district court's construction and application of the time limitations aspects of the Uniform Post-Conviction Procedure Act is a matter of free review. *Martinez v. State,* 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

In denying his petition for post-conviction relief, the district court decided there was no basis to toll the statute of limitations due to lack of access to the courts, concluding that Kriebel's brief out-of-state incarceration would not have made a difference even if the limitation period tolled during that time and that the letter he received from his trial counsel assessing his prospects for succeeding in a post-conviction petition did not unconstitutionally violate his access to the court. Finally, utilizing the *Teague*[1] doctrine, the court concluded that *Estrada* does not apply retroactively because it did not announce a "new" rule, and even if it did, it did not constitute a "watershed" rule of criminal procedure.

We first conclude that neither Kriebel's brief out-of-state incarceration, nor his attorney's discouragement from filing a post-conviction petition, warrant tolling of the statute of limitations. Not only did Kriebel fail to allege that while incarcerated out of state he did not have legal representation familiar with Idaho law or access to Idaho legal materials, he was out of state for less than four months--until December 2005. So, even if we assume that he did not have adequate access to Idaho courts during this period, he had adequate time (approximately nine and a half months until the deadline of October 14, 2006) after being transferred back to Idaho to file a petition for post-conviction relief. *See Evensiosky*, 136 Idaho at 191, 30 P.3d at 969 (holding that even assuming the petitioner did not have access to the district court after being transferred to a Louisiana facility, he had adequate time prior to the transfer to file the petition).

Nor do we accept Kriebel's assertion that the statute of limitations should be tolled because he was discouraged by his attorney in January 2006 from filing a post-conviction

---

[1]     *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion).

petition. Idaho courts have not recognized discouragement by counsel as a valid basis for equitably tolling the UPCA statute of limitations. Notably, at the time counsel informed Kriebel that he did not have good prospects for filing a post-conviction petition, *Estrada*--the sole basis of Kriebel's current post-conviction action--had not yet been decided. To hold that a statute of limitations may be tolled when an attorney assesses a would-be petitioner's chance at success is simply not tenable.

Finally, we conclude that Kriebel was not entitled to equitable tolling due to his contention that the Supreme Court's decision in *Estrada* announced a new, retroactively applicable rule, thus tolling the statute of limitations until at least November 2007. For a constitutional rule to apply retroactively, it must first be determined that the rule is "new." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007); *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion). A new rule is one not dictated by precedent existing at the time a judgment became final. *Whorton*, 549 U.S. at 416; *Butler v. McKellar,* 494 U.S. 407 (1990); *Teague*, 489 U.S. at 311; *In re Gafford*, 127 Idaho 472, 476 n.1, 903 P.3d 61, 65 n.1 (1995). A case will be deemed to have announced a new rule if its outcome "was susceptible to debate among reasonable minds." *Butler*, 494 U.S. at 415; *Gafford*, 127 Idaho at 476 n.1, 903 P.3d at 65 n.1. The explicit overruling of an earlier holding no doubt creates a new rule. *Whorton*, 549 U.S. at 416.

If a case is deemed to have announced a new rule, it will apply retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a "watershed rule of criminal procedure" implicating the fundamental fairness and accuracy of the criminal proceeding. *Whorton*, 549 U.S. at 416 (citing *Teague*, 489 U.S. at 311). *See also Gafford*, 127 Idaho at 476, 903 P.3d at 65 (citing *Penry v. Lynaugh,* 492 U.S. 302 (1989)).

While Kriebel argues that *Estrada* announced a new, retroactively applicable rule, recently the Idaho Supreme Court stated, in *dicta*, that *Estrada* did not announce a "new" rule. *Valvold v. State*, ____ Idaho ___, ___ P.3d ___ (2009). The court, while affirming the appellant's petition for post-conviction relief on appellate procedural grounds, provided the following guidance:

> [W]e note, admittedly by way of dicta, that we agree with the district court's conclusion that *Estrada* did not announce a new rule of law. As the district court observed, we stated in *Estrada* that our earlier "*decisions clearly indicate* that both at the point of sentencing and earlier, for purposes of a psychological

evaluation, a defendant's Fifth Amendment privilege against self-incrimination applies." 143 Idaho at 563, 149 P.3d at 838 (emphasis added). It is our view, therefore, that *Estrada* did not announce a new rule of law entitled to retroactive effect.

*Valvold,*____ Idaho at ___, ___ P.3d at ___.

Thus, given this clear direction from our Supreme Court, we conclude that Kriebel's post-conviction petition was untimely, because the post-conviction statute of limitations could not have been tolled on the basis that *Estrada* announced a new, retroactively applicable rule.

### III.

### CONCLUSION

The district court did not err in dismissing Kriebel's petition for post-conviction relief as being untimely. He did not show that the statute of limitations for filing a post-conviction petition should be tolled for any reason that Idaho courts have previously recognized. In addition, given that the Idaho Supreme Court recently stated that *Estrada* did not announce a "new" constitutional rule, Kriebel was not entitled to have the statute of limitations tolled on the basis of his contention that *Estrada* announced a retroactively applicable rule. Accordingly, we affirm the district court's order dismissing Kriebel's petition for post-conviction relief.

Judge PERRY and Judge GRATTON **CONCUR**.

Judge Pro Tem SCHWARTZMAN ALSO **SPECIALLY CONCURRING**

I write separately to note, admittedly by way of dicta, that I also agree with the district court's conclusion that *Estrada* did not announce a watershed rule of criminal procedure.[1]

A new constitutional rule is not applied retroactively unless it is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Whorton*, 549 U.S. at 417 (citations omitted). The exception is "extremely narrow" and in order to qualify, a rule must meet two requirements. *Id*. at 417-18. First, the rule must be necessary to prevent "an impermissibly large risk of an inaccurate conviction." *Id*. at

---

[1] Such dicta might become relevant if *Estrada* were ever deemed to have announced a new rule of law. *See State v. Curless*, 137 Idaho 138, 142-145, 44 P.3d 1193, 1197-1200 (Ct. App. 2002) (holding that failure to assert Fifth Amendment privilege against self-incrimination during psychosexual evaluation waives protections of privilege and that the evaluation process does not constitute a critical stage for Sixth Amendment purposes).

418.  Second, the rule must "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  *Id.*

In order for a new rule to meet the accuracy requirement at issue here, it is not enough to say that the rule is aimed at improving the accuracy of trial or that the rule is directed toward the enhancement of reliability and accuracy in some sense.  *Sawyer v. Smith*, 497 U.S. 227, 242-43 (1990).  Instead, the question is whether the new rule remedied an "impermissibly large risk" of an inaccurate conviction.  *Whorton*, 549 U.S. at 418; *see also Schriro v. Summerlin*, 542 U.S. 348, 352-56 (2004).  *Estrada* does not reduce the risk of inaccurate convictions since it applies after a conviction has been procured, nor does it seriously diminish the accuracy of fact finding in sentencing.  Likewise, having the advice of counsel to remain silent for all or part of a psychosexual evaluation simply does not alter our understanding of the bedrock procedural elements essential to the fairness of a sentencing proceeding to be classified as "watershed."  It is my view, therefore, that even if *Estrada* could be categorized as a new rule, it would not meet either prong of *Whorton* and therefore would not be entitled to retroactive effect.