# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 35997

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 486 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 28, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VICTOR R. WOODS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Victor R. Woods appeals from the district court's order summarily dismissing his application for post-conviction relief. We affirm.

In his application, Woods alleges that on December 29, 2003, he was sentenced for sex abuse of a minor under the age of sixteen, Idaho Code § 18-1506, to a unified term of eight years with two years determinate. As part of the plea agreement he waived his right to appeal and, therefore, did not directly appeal his judgment of conviction and sentence. Prior to sentencing he submitted to a psychosexual evaluation. On November 15, 2007, Woods filed an application for post-conviction relief. The State moved for summary disposition and, on November 6, 2008, the district court dismissed the application. Woods appeals.

Woods asserts that the district court erred in summarily dismissing his application for post-conviction relief. He contends that the Idaho Supreme Court in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), announced a new rule of law and that it should be retroactively

applied to him. He also argues that his case raises important due process issues such that this Court should grant equitable relief by tolling the statute of limitations.

The Idaho Supreme Court recently stated in *Vavold v. State*, 148 Idaho 44, 46, 218 P.3d 388, 390 (2009):

> [W]e note, admittedly by way of dicta, that we agree with the district court's conclusion that *Estrada* did not announce a new rule of law. As the district court observed, we stated in *Estrada* that our earlier "*decisions clearly indicate* that both at the point of sentencing and earlier, for purposes of a psychological evaluation, a defendant's Fifth Amendment privilege against self-incrimination applies." 143 Idaho at 563, 149 P.3d at 838 (emphasis added). It is our view, therefore, that *Estrada* did not announce a new rule of law entitled to retroactive effect.

Woods acknowledges the Court's language, but contends that it is not controlling because it is not the holding of the case; rather, that it is dicta. Woods also acknowledges this Court's opinion in *Kriebel v. State*, 148 Idaho 188, 191, 219 P.3d 1204, 1207 (Ct. App. 2009), where we quoted the above language in *Vavold* and held: "Thus, given this clear direction from our Supreme Court, we conclude that Kriebel's post-conviction petition was untimely, because the post-conviction statute of limitations could not have been tolled on the basis that *Estrada* announced a new, retroactively applicable rule."[1] This case raises identical issues to those already determined in *Kriebel*. Thus, *Kriebel* is controlling here. As such, the district court did not err in summarily dismissing Wood's application for post-conviction relief because it was untimely filed. "[T]he post-conviction statute of limitations could not have been tolled on the basis that *Estrada* announced a new, retroactively applicable rule."[2] *Kriebel*, 148 Idaho at 191, 219 P.3d at 1207.

---

[1]    We note that the Idaho Supreme Court recently adopted the retroactivity test from *Teague v. Lane*, 489 U.S. 288 (1989), for criminal cases on collateral review. *See In re Rhoades, et al. v. State*, ___ Idaho ___, ___ P.3d ___ (March 17, 2010). We utilized *Teague*'s retroactivity test in *Kriebel*. Thus, we need not address Woods' retroactivity argument under *Linkletter v. Walker*, 381 U.S. 618 (1965).

[2]    We note, incidentally, that since *Kriebel* was issued, this Court has, on several occasions, reaffirmed its holding in unpublished opinions involving claims identical to those raised by Woods. *See Mowrey v. State,* Docket No. 35872 (Ct. App. April 16, 2010) (unpublished); *Stewart v. State*, Docket No. 35398 (Ct. App. April 9, 2010) (unpublished); *Coburn v. State*, Docket No. 35416 (Ct. App. March 30, 2010) (unpublished); *Lightner v. State*, Docket No. 35740 (Ct. App. March 17, 2010) (unpublished).

The district court's order summarily dismissing Woods' application for post-conviction relief is, therefore, affirmed.  No costs or attorney fees are awarded on appeal.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**