# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40926

| | | |
|---|---|---|
| BRENT WILLIAMS, | ) | 2014 Unpublished Opinion No. 351 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 6, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order summarily dismissing petition for post-conviction relief, affirmed.

Brent Williams, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Brent Williams appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Williams pled guilty pursuant to plea agreements in two separate cases and the district court entered two judgments of conviction and sentences on January 10, 2011. Williams did not file direct appeals in either case. On February 28, 2013, Williams filed a pro se petition for post-conviction relief. The district court filed a notice of intent to dismiss Williams' petition because it failed to present viable claims. The State filed a motion to dismiss asserting the petition was filed outside the statute of limitations. Williams' objection to dismissal did not address the

1

timeliness of his petition. The court issued an order of dismissal for Williams' failure to file his petition within the one-year statute of limitations.[1] Williams timely appeals.

## II.

## ANALYSIS

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

The district court dismissed Williams' petition because it was not timely filed. Williams argues his petition for post-conviction relief is not time-barred because his recent due diligence led to the discovery of the legal argument that a grand jury indictment was required in his case. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Williams offers neither authority nor argument to support the notion that the statutory period is tolled because the petitioner later learns of a legal argument (erroneous as it is). Williams also argues his innocence tolled the time requirement. However, he has again failed to offer authority or argument to support his contention. The statutory period began forty-two days after his judgment of conviction was entered. Williams has presented nothing to excuse his failure to timely file within the one-year period.

## III.

## CONCLUSION

Williams did not timely file his petition for post-conviction relief. Therefore, the order of dismissal is affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**

---

[1] The court also dismissed the petition based on Williams' failure to present meritorious claims. However, on appeal, the State argues only the issue of timeliness.