**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45575**

| | |
|---|---|
| BRANDON RITCHIE, | ) |
| | ) Filed: September 18, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Brandon Ritchie, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Brandon Ritchie appeals from the judgment dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to plea agreements in two criminal cases, Ritchie pled guilty to one count of grand theft, I.C. § 18-2403, and one count of burglary, I.C. § 18-1404, in exchange for the dismissal of several additional felonies. The cases were consolidated prior to sentencing. The district court sentenced Ritchie to a unified term of ten years, with a minimum period of confinement of two years, for grand theft and a consecutive unified term of ten years, with a minimum period of confinement of three years, for burglary. On February 26, 2016, the district court entered Ritchie's judgments of conviction. Ritchie did not appeal either judgment.

1

On April 6, 2016, Ritchie filed I.C.R. 35 motions for reconsideration of his sentences, which the district court denied. On April 18, 2017,[1] Ritchie filed a single petition for post-conviction relief and supporting affidavit relating to both underlying criminal cases, alleging ineffective assistance of counsel for "promising" that the district court would impose concurrent sentences and for misinforming Ritchie that he could only pursue a Rule 35 motion or a direct appeal, but not both. The State did not file an answer in response to Ritchie's petition. The district court issued a notice of intent to dismiss Ritchie's petition on the basis that his petition was untimely pursuant to I.C. § 19-4902 and gave Ritchie twenty days to file a response explaining why his petition was not barred by the statute of limitation. Ritchie responded, arguing that his Rule 35 motions extended the time to file his post-conviction petition. Ritchie also argued that the State "violated the post-conviction reform act" by failing to file a response to his petition. The district court dismissed Ritchie's petition on the grounds that it was untimely, finding that filing his Rule 35 motions did not extend the time to file his petition for post-conviction relief. The district court also addressed and rejected Ritchie's argument regarding the State's failure to file a response to his petition.[2]

Ritchie filed a motion for reconsideration, alleging, in part, that he filed a petition for writ of habeas corpus on June 22, 2016, which the district court could have construed as a post-conviction petition. Ritchie also argued that the delay between filing his petition for writ of habeas corpus and the district court issuing its opinion dismissing that petition (sixteen days) stayed the time to file a petition for post-conviction relief, extending the deadline to April 24, 2016. The district court denied Ritchie's motion for reconsideration. Ritchie appeals.

---

[1] *See Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct. App. 2006) (noting that under the mailbox rule, a pro se inmate's documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk).

[2] Although the district court's notice of intent to dismiss indicated the district court's intent to dismiss the petition as untimely, the notice also included language in its conclusion that Ritchie failed to raise a genuine issue of material fact. In response, Ritchie argued that his claims were not frivolous. The district court's order dismissing Ritchie's petition addressed this argument and dismissed Ritchie's petition on the alternative basis that Ritchie failed to allege a genuine issue of material fact.

## II.

## STANDARD OF REVIEW

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

Ritchie appears to raise three claims on appeal: (1) ineffective assistance of counsel; (2) error by the district court in dismissing his petition as untimely; and (3) a due process violation based on the State's failure to file a response to his post-conviction petition. Ritchie cites authority only in the form of a case name and year in relation to his ineffective assistance of counsel claim. Ritchie provides no authority to support his claim that the district court erred by dismissing his petition as untimely or his due process claim, nor does Ritchie present meaningful argument in support of these two claims. Rather, Ritchie asserts, in conclusory fashion, that the district court erred by dismissing the petition as untimely although Ritchie "provid[ed] proof that it was within the guidelines of the courts," and that the State's failure to respond to his petition violated his "due process rights." A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). That Ritchie is proceeding on appeal pro se does not relieve him of the obligation to support his claims with argument and authority because this Court has held that pro se litigants are held to the same standards and rules as those represented by an attorney. *See Bissett v. State*, 111 Idaho 865, 869, 727 P.2d 1293, 1297 (Ct. App. 1986).

Even considering the merits of Ritchie's claims, we need only address the dismissal of his petition as untimely because that issue is dispositive. The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in I.C. § 19-4902(a) means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to

file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Ritchie's judgments of conviction were filed on February 26, 2016. Ritchie had until April 8, 2016 (forty-two days) to file an appeal from the judgments. I.A.R. 14(a). Thus, the time to file a petition for post-conviction relief expired on April 8, 2017. Ritchie did not file his petition until April 18, 2017. The district court correctly rejected Ritchie's argument that his Rule 35 motions extended the time to file his petition. In *Hanks v. State*, 121 Idaho 153, 155, 823 P.2d 187, 189 (Ct. App. 1992), this Court held that it would be contrary to the legislative intent of I.C. § 19-4902 to allow the limitation period to be extended by the filing of a Rule 35 motion because the denial of a Rule 35 motion is not reviewable under the Uniform Post-Conviction Procedure Act. *See also Freeman v. State*, 122 Idaho 627, 629, 836 P.2d 1088, 1090 (Ct. App. 1992) (holding that the time limit to file a petition for post-conviction relief is not renewed or extended by any other collateral post-judgment proceeding). Similarly, Ritchie's assertion that filing a separate habeas corpus petition extended the time for filing in this case is unsupported by any authority. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Thus, we conclude that Ritchie's petition was untimely and that the district court did not err in dismissing his petition on this basis.

## IV.
## CONCLUSION

Ritchie has failed to show that the district court erred in dismissing his petition for post-conviction relief on the basis that it was untimely. Accordingly, the district court's judgment dismissing Ritchie's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.