# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47016

| | |
|---|---|
| ELAWNEE MICHAELINE PAHVITSE, ) | |
| ) | Filed: March 26, 2020 |
| Petitioner-Appellant, ) | |
| ) | Karel A. Lehrman, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Elawnee Michaeline Pahvitse appeals from the district court's judgment summarily dismissing her petition for post-conviction relief. Pahvitse argues the district court erred in simultaneously denying her motion for appointment of counsel and summarily dismissing her petition for post-conviction relief because her petition alleged facts that raised the possibility of a valid claim for post-conviction relief. Because Pahvitse has not established a possibility of a valid claim for relief, the district court's judgment is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Pahvitse pled guilty to driving under the influence, Idaho Code §§ 18-8004, -8005(6). The district court entered a judgment of conviction, sentenced Pahvitse to a unified term of five years, with two years determinate, suspended the sentence, and placed Pahvitse on probation. In

1

late April 2016, the court found Pahvitse violated the terms of her probation, revoked Pahvitse's probation, executed the underlying sentence, and retained jurisdiction.[1]

After successfully completing the retained jurisdiction program, the court again placed Pahvitse on probation. Thereafter, the State filed a probation violation report which alleged that Pahvitse violated two conditions of her probation. On October 23, 2017, Pahvitse, her counsel, and the prosecuting attorney appeared at the probation revocation hearing, and Pahvitse admitted the allegations contained in the probation violation report. Based on Pahvitse's admissions, the district court found Pahvitse violated the terms and conditions of her probation and heard comments and recommendations from respective counsel and a statement from Pahvitse. On November 1, 2017, the court signed an order revoking Pahvitse's probation and executing her original sentence. Pahvitse appealed from the district court's order revoking her probation and this Court affirmed the district court's order.[2] *State v. Pahvitse*, Docket No. 45568 (Ct. App. June 5, 2018) (unpublished).

Subsequently, on August 16, 2018, Pahvitse filed a petition for post-conviction relief and a motion for the appointment of counsel. Pahvitse asserted the following grounds in her petition: (1) unfiled action plan; (2) probation officer not present during sentencing; and (3) not offering options (ex: secondary court, sanction, or discretionary time).[3] Pahvitse provided some additional information regarding her claims related to the unfiled action plan and the failure to argue for alternative sentencing options into assertions of ineffective assistance of counsel. Pahvitse did not expand upon her claim related to the probation officer's absence at the probation revocation hearing.

The State filed a motion for summary dismissal, asserting that Pahvitse's claims failed to raise a genuine issue of material fact and, further, were untimely, bare, conclusory,

---

[1]    A filed stamped copy of the district court's order is not available in the record. However, the record indicates the court found Pahvitse violated the terms of her probation at a hearing on April 25, 2016, and signed the order revoking her probation, executing the underlying sentence, and retaining jurisdiction on April 28, 2016.

[2]    A file stamped copy of the district court's order is not available in the record.

[3]    Additionally, Pahvitse claims her counsel was ineffective because she did not provide Pahvitse with paperwork or warrants while she was incarcerated. However, on appeal Pahvitse does not mention or provide any argument related to this claim and has therefore waived the issue. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

unsubstantiated, and clearly disproved by the record. The district court issued an order denying Pahvitse's request for the appointment of counsel and summarily dismissing her petition for post-conviction relief. The court found the allegations in Pahvitse's petition for post-conviction relief did not justify the appointment of counsel, did not raise verifiable facts sufficient to justify an evidentiary hearing, contained only bare and conclusory allegations, were devoid of argument, were not timely, and failed to establish prejudice. Pahvitse timely appeals.

## II.

## STANDARD OF REVIEW

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). When a district court is presented with a request for appointed counsel, the court must address this request before ruling on the substantive issues in the case. *Id*. The district court abuses its discretion where it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *Id.*

In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id*. Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

## ANALYSIS

An Idaho appellate court will uphold an order that simultaneously dismisses a post-conviction action and denies a motion for appointment of counsel if: (1) the petitioner received notice of the fatal deficiencies of the petition; and (2) when the standard governing a motion for appointment of counsel is correctly applied, the request for counsel would properly be denied. *Judd v. State*, 148 Idaho 22, 25, 218 P.3d 1, 4 (Ct. App. 2009). A motion for appointment of counsel is properly denied when the petitioner did not allege facts that raise the possibility of a valid claim for post-conviction relief. *Id.*

Here, Pahvitse concedes the State's motion for summary dismissal provided notice of the fatal deficiencies of her petition. However, Pahvitse asserts that although the district court articulated the correct standard governing when counsel should be appointed, it incorrectly applied a heightened standard in its denial of Pahvitse's motion for appointment of counsel. Pahvitse admits the facts alleged in her petition were sparse. However she contends under the correct standard, the court should have granted her motion for the appointment of counsel because she alleged facts that raised the possibility of a valid claim for post-conviction relief.[4] In response, the State asserts that Pahvitse did not raise the possibility of a valid claim for post-conviction relief for the three claims at issue on appeal. First, the State claims Pahvitse's allegations related to the action plan were vague, bare, and devoid of argument. Second, the State asserts Pahvitse did not assert any facts to connect the probation officer's absence to a possible claim of ineffective assistance of counsel. Finally, the State contends Pahvitse's assertion that her counsel rendered ineffective assistance because she failed to argue for other options was untimely, and alternatively, Pahvitse did not establish that she was prejudiced by her counsel's alleged failure.

### A. Only Pahvitse's Post-Conviction Claims Related to the November 2017 Probation Revocation Are Timely

Idaho Appellate Rule 14(a) requires that the notice of appeal be filed "within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of

---

[4]     Additionally, Pahvitse argues the district court erred in its determination that her petition for post-conviction relief was untimely because her claims related to the district court's revocation of her probation were timely. The State agrees that Pahvitse's claims that relate to the November 2017 probation revocation were timely.

the district court appealable as a matter of right in any civil or criminal action." The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (2009).

In Pahvitse's underlying criminal case, the district court found that Pahvitse violated the terms of her probation after she admitted to the violations at her first probation revocation hearing. Consequently, on April 28, 2016, the district court revoked Pahvitse's probation, executed the underlying sentence, and imposed a period of retained jurisdiction. Pahvitse did not appeal.

After Pahvitse successfully completed the retained jurisdiction program, the district court placed Pahvitse on probation for a second time. However, on October 23, 2017, Pahvitse again admitted to violating the terms and conditions of her probation. On November 1, 2017, the district court signed an order revoking Pahvitse's probation and executing the underlying sentence. Pahvitse appealed and this Court affirmed the district court's probation revocation order on June 5, 2018. *Pahvitse*, Docket No. 45568 (Ct. App. June 5, 2018).

On August 16, 2018, Pahvitse filed the petition for post-conviction relief. Thus, only claims relating to the November 1, 2017, order revoking probation are timely because they are the only claims Pahvitse brought within one year of the expiration of time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal.

**B.     This Court Will Uphold the District Court's Order Simultaneously Dismissing the Petition and Denying Appointment of Counsel Because Pahvitse's Petition Does Not Raise the Possibility of a Valid Claim for Relief**

The district court recognized the correct legal standard governing a motion for appointment of counsel in its order denying Pahvitse's motion and summarily dismissing her petition for post-conviction relief. Pahvitse's petition did not raise the possibility of a valid claim for relief related to the allegations of the unfiled action plan, the probation officer's absence at the probation revocation hearing, or her counsel's failure to argue for other sentencing

5

options. Therefore, this Court will uphold the district court's order simultaneously dismissing the post-conviction petition and denying the appointment of counsel.

### 1. Unfiled action plan

Pahvitse alleges ineffective assistance of counsel concerning an "unfiled action plan" that Pahvitse was unaware of until she "filed an appeal and recieved [sic] a copy of [her] case." Pahvitse alleges counsel was ineffective because counsel "did not look into action plan state in probation violation report, not included in file" and "the action plan was not given to [her] neither did [she] sign." Construing all inferences in her favor, Pahvitse has alleged that her counsel was ineffective for not giving Pahvitse a copy of the action plan, not having Pahvitse sign the action plan, and not including the action plan in her file.[5]

Pahvitse does not allege facts that connect the action plan to the November 2017 probation revocation. However, to the extent Pahvitse's claims relate to the November 2017 probation revocation, Pahvitse does not describe what the action plan is; does not include a copy in the record; does not explain how she was prejudiced by its exclusion; and does not provide any context for the importance of the document. Pahvitse's mere reference to a document not in the record provides no factual basis for which a court can find the possibility of a valid claim for relief. Without a copy of the document or a verified description thereof, neither the district court nor this Court could assess why counsel would be ineffective for failing to provide her a copy, procure her signature, or place the document in her file. Therefore, Pahvitse's petition did not allege any facts related to the action plan that give rise to the possibility of a valid claim for post-conviction relief.

### 2. Probation officer's absence

Pahvitse asserts her probation officer's absence at the probation revocation hearing constituted a ground for post-conviction relief. Pahvitse does not clarify whether this claim relates to the April 2016 or the November 2017 probation revocation. Additionally, Pahvitse provides no explanation of what the probation officer may have said or how the probation officer's absence might have impacted the outcome of the proceeding.

---

[5] On appeal, Pahvitse claims her petition for post-conviction relief alleges her counsel was ineffective for failure to present an action plan at the probation revocation hearing. However, even construing all inference in Pahvitse's favor, this construction is not supported by any statement contained in her petition or accompanying affidavit.

Although the allegations in the officer's probation violation report constituted the factual basis for the probation revocation hearing, Pahvitse admitted to the allegations at the hearing. Pahvitse does not allege facts that indicate any resulting prejudice from the probation officer's absence at the disposition hearing. Therefore, Pahvitse's petition does not raise the possibility of a valid claim for post-conviction relief regarding this claim.

Pahvitse did not include her claim related to her probation officer's absence as an assertion of ineffective assistance of counsel in her petition. On appeal, however, Pahvitse argues, construing all inferences in her favor, her petition alleged her counsel was ineffective for failing to call her probation officer to be present or testify at the probation revocation hearing. Even under this generous construction, Pahvitse has not asserted the possibility of a valid claim for relief.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). Pahvitse has failed to establish any prejudice as she has not alleged the outcome of the probation revocation hearing would have been different, particularly as Pahvitse admitted the probation violation allegations. Thus, her petition does not establish the possibility of a valid post-conviction claim for ineffective assistance of counsel.

### 3.     Counsel's failure to argue other options

When the post-conviction petition and affidavit are taken together, Pahvitse alleges her counsel was ineffective by "not offering options (ex: secondary court, sanction, or discretionary time)" because her counsel incorrectly believed that Pahvitse had a pending probation violation that would bar her from alternative sentencing options, like DUI court. Pahvitse argues she raised the possibility of a valid claim because, construing all inferences in her favor, she alleged her counsel failed to argue for other sentencing options at the probation revocation hearing and ineffective assistance of counsel during a probation revocation proceeding is a cognizable claim for post-conviction relief.

Construing all inferences in Pahvitse's favor, she has not alleged the possibility of a valid claim for relief. Pahvitse's original sentencing was the only hearing at which: (1) it would have been appropriate for counsel to argue for alternative sentencing options; and (2) Pahvitse did not have a pending probation violation. Pahvitse concedes that "[t]o the extent that any of [her]

7

ineffective assistance of counsel claims relate to her original sentencing . . . they are untimely." As previously discussed, any such claim relating to the April 2016 probation revocation is also untimely. Therefore, because Pahvitse's claim is untimely, it does not raise the possibility of a valid claim for post-conviction relief. *See Kriebel*, 148 Idaho at 190, 219 P.3d at 1206 (holding failure to file timely petition is a basis for dismissal of petition).

Even if Pahvitse's claim relates to the November 2017 revocation, Pahvitse has not established any prejudice. Prior to the November 2017 hearing, Pahvitse had previously violated the terms of her probation which resulted in the district court revoking her probation, executing her original sentence, and retaining jurisdiction. After successfully completing the period of retained jurisdiction and again being placed on probation, Pahvitse admitted to violating the terms of her probation. Therefore, the district court revoked Pahvitse's probation and executed the underlying sentence. Pahvitse provides no facts indicating a different outcome was reasonably possible. Thus, her allegation does not raise the possibility of a valid claim, and the district court did not err by dismissing the claim on that ground. Because Pahvitse has not alleged any facts giving rise to a possibly valid claim, the district court did not err in denying her motion to appoint counsel or in summarily dismissing the petition.

## IV.

## CONCLUSION

Pahvitse had notice of the deficiencies of her petition for post-conviction relief and did not assert the possibility of a valid claim. First, her claim related to an unfiled action plan did not provide a factual basis for which a court could find the possibility of a valid claim for relief. Second, her claim related to the probation officer's absence at a probation revocation hearing failed to raise any facts that suggest either counsel's deficient performance or prejudice. Finally, Pahvitse's claim related to her counsel's failure to argue for other options was untimely and further did not allege any facts to indicate the possibility of a different outcome. Therefore, this Court will uphold the district court's order simultaneously dismissing Pahvitse's petition for post-conviction relief and denying her motion for appointment of counsel. Accordingly, the judgment summarily dismissing Pahvitse's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.