**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49574**

| | | |
|---|---|---|
| SEBASTIAN ELONZO HERNANDEZ, | ) | |
| | ) | **Filed: September 14, 2023** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment and order summarily dismissing petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Sebastian Elonzo Hernandez appeals from the district court's judgment and order summarily dismissing his petition for post-conviction relief. Hernandez's petition was filed approximately three and one-half years too late. Hernandez provided no factual support to explain why the petition could not have been timely filed. Consequently, we affirm the district court's order summarily dismissing Hernandez's petition for post-conviction relief on the grounds that it was untimely.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hernandez pleaded guilty to aggravated battery, Idaho Code § 18-907, in the underlying criminal case. A judgment of conviction was entered on April 19, 2017. Following a period of retained jurisdiction, on October 31, 2017, the district court entered an order suspending the

1

sentence and placing Hernandez on probation. Thereafter, on June 30, 2020, the district court entered an order revoking probation and executing the previously suspended sentence. No appeal was filed. On January 3, 2022,[1] Hernandez filed a petition for post-conviction relief. Therein, Hernandez alleged three claims related to his guilty plea in the underlying criminal case. Hernandez requested the appointment of counsel, which the district court denied, reasoning that Hernadez's petition was untimely and nothing in the petition explained or justified the untimely filing. On January 5, 2022, the district court issued a notice of intent to dismiss the petition on the grounds that it was untimely filed. Also on January 5, 2022, Hernandez signed a motion entitled "motion for extension on post-conviction"; that motion was filed January 12, 2022.

The district court treated Hernandez's motion for extension as a response to its notice of intent to dismiss, found Hernandez did not provide sufficient factual support to explain the untimely filing of the petition, and entered an order of dismissal and judgment on January 20, 2022. On January 25, 2022,[2] Hernandez filed a document entitled, "Supporting Affidavit for post-conviction relief response to intent to dismiss." The district court took no further action on the case. Hernandez timely filed a notice of appeal.

## II.

## STANDARD OF REVIEW

Our review of the district court's construction and application of the time limitation for filing a petition for post-conviction relief is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

If a district court determines claims alleged in a petition for post-conviction relief do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-

---

[1]     Hernandez signed the petition on December 28, 2021.

[2]     Hernandez signed the supporting affidavit on January 20, 2022.

4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). Failure to provide sufficient notice ordinarily requires that an order summarily dismissing an application for post-conviction relief be reversed. *Peltier v. State*, 119 Idaho 454, 456-57, 808 P.2d 373, 375-76 (1991).

## III.

## ANALYSIS

Hernandez argues the district court erred when it treated his motion for extension as a response to the court's notice of intent to dismiss because the notice of intent to dismiss was filed January 5, 2022, and Hernandez, who was incarcerated, signed his motion on January 5, 2022. Hernandez argues his motion for extension could not have been in response to the notice of intent to dismiss because he could not have received a copy of the notice of intent to dismiss the day it was filed and then, that same day, sign his motion for extension. Hernandez also argues that his January 25, 2022, document, which was explicitly captioned as a response to the notice of intent to dismiss, was his timely response to the district court's notice of intent to dismiss.

The State argues the district court properly considered Hernandez's January 5 motion for extension as his response to the court's notice of intent to dismiss. Alternatively, the State argues that this Court can affirm the district court's dismissal because Hernandez's January 25, 2022, response was legally insufficient to address the deficiencies noted by the district court.

In this case, there may have been some confusion in light of the time between the dates Hernandez signed various documents, the dates the documents were filed in district court, and the lack of mail logs indicating when documents were placed in the prison mail system. For example, Hernandez's motion for extension was signed on January 5, 2022, but not filed until January 12, 2022. Whether or not Hernandez's January 5 motion for extension of time could or could not have been Hernandez's response to the district court's notice of intent to dismiss, Hernandez's January 25 filing was not materially different from the January 5 motion for extension and both documents were legally insufficient to justify the untimely filing. The claims in Hernandez's petition challenged his conviction, not the order revoking probation. The judgment of conviction was entered April 19, 2017, and no appeal was filed. Thus, Hernandez had one year plus forty-two

3

days, or until May 31, 2018, to file his petition. The petition was not filed until January 3, 2022, approximately three and one-half years too late.

Hernandez's January 5 motion for extension references the pain he had suffered in the year prior to filing the petition and how that pain affected his mood and mental health. He also addressed what he believes were shortcomings with the prison staff. The January 25 document also addressed the mental health and physical pain issues Hernandez had been "dealing with the past year or so." While both filings addressed physical and mental health claims in the year prior to filing the post-conviction petition (between 2021 and 2022), Hernandez makes no allegations explaining why he could not have timely filed the petition on or before May 31, 2018. Consequently, both documents were legally insufficient to explain or justify the late filing, and the district court did not err in summarily dismissing the petition.

## IV.

## CONCLUSION

The district court did not err in summarily dismissing the untimely filed post-conviction petition. Hernandez provided no facts to explain or justify the late filing regardless of which document the district court considered. We affirm the district court's judgment and order summarily dismissing Hernandez's petition for post-conviction relief.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.