# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50524

| | | |
|---|---|---|
| ERIC SHAWN PIZARRO, | ) | |
| | ) | **Filed: February 4, 2025** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric Shawn Pizarro; Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Eric Shawn Pizarro appeals from the summary dismissal of his petition for post-conviction relief. The judgment dismissing the petition is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A judgment of conviction was entered on March 4, 2019, in Pizarro's underlying criminal case. Pizarro appealed from the judgment of conviction, but the appeal was dismissed as untimely. Pizarro filed his petition for post-conviction relief on January 11, 2021, alleging ineffective assistance of counsel. Pizarro requested the appointment of counsel and counsel was appointed. A second petition was filed, seeking equitable tolling. On October 29, 2021, the district court filed a proposed notice of dismissal because of inactivity; Pizarro objected. The State filed a motion for summary dismissal arguing that the petition was untimely filed and Pizarro failed to establish a basis for equitable tolling of the time in which to file a petition, and the claim failed on the merits.

1

The district court held a hearing and subsequently issued a memorandum order holding: (1) Pizarro's petition was untimely filed; (2) Pizzaro did not establish a ground for equitable tolling; and (3) the petition failed on the merits. As a result, the district court granted the motion and summarily dismissed the petition because it was untimely filed, there was no basis for equitable tolling, and the claim failed on the merits. Pizarro appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

## III.

## ANALYSIS

On appeal, Pizarro does not challenge any of the findings made by the district court. Instead, he focuses on what he perceives were problems related to his sentencing in the underlying criminal case. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, Pizarro has waived any claim on appeal.

Moreover, Pizarro's petition was untimely, and he failed to establish a basis for equitable tolling. The one-year time period began to run when the time for appeal from Pizarro's underlying

conviction lapsed, in this case, forty-two days. *Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002). Thus, Pizarro had until April 16, 2020, to file his petition for post-conviction relief. Because Pizarro did not timely file, his petition must be dismissed. As to the reason for equitable tolling, we note that pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Furthermore, an individual's ignorance of his or her right to file a post-conviction petition for relief, or the time period in which it must be filed, does not toll a statute of limitation. *See Amboh v. State*, 149 Idaho 650, 653, 239 P.3d 448, 451 (Ct. App. 2010). Because Pizarro's petition for post-conviction relief was time-barred and he failed to establish a basis for equitable tolling, the district court did not err in summarily dismissing the petition.

## IV.

## CONCLUSION

The judgment summarily dismissing Pizarro's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.