**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50392**

| | |
|---|---|
| JUSTIN IRVEN BELL, | ) |
| | ) **Filed: April 8, 2025** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Justin Irven Bell, Eloy, Arizona, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Justin Irven Bell appeals from a judgment summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bell was charged with failing to update his status with the sex-offender registry. I.C. §§ 18-8309(3) and 18-8311. Pursuant to a plea agreement, Bell pled guilty to the failure to register charge in exchange for additional charges being dismissed. Bell's judgment of conviction and order for probation was filed on March 17, 2020. Thereafter, Bell admitted to violating the terms of his probation, and the district court revoked his probation and ordered execution of his original

sentence. Bell filed a motion for reduction of his sentence under I.C.R. 35, which the district court denied.[1]

On June 29, 2022, Bell filed a pro se petition and affidavit for post-conviction relief, challenging his conviction. Bell was appointed counsel. In the State's answer and motion for summary dismissal, the State asserted that Bell's petition was only timely from the revocation of his probation and denial of his Rule 35 motion but not from his judgment of conviction. At the hearing on the motion, the State argued that, because Bell did not appeal his judgment of conviction, he was required to file a post-conviction petition within one year and forty-three days of his conviction if he wished to challenge his trial scounsel's representation prior to the entry of judgment. Bell's counsel concurred with the State's recitation of the timeline and acknowledged the petition was filed outside the statute of limitations. The district court granted the State's motion for summary dismissal. Bell appeals.

## II.

## STANDARD OF REVIEW

Our review of the district court's construction and application of the time limit for filing a petition for post-conviction relief is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009).

## III.

## ANALYSIS

The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744

---

[1] Bell appealed from the denial of his Rule 35 motion, arguing the district court abused its discretion by revoking probation and denying his Rule 35 motion. In an unpublished opinion, this Court held that the district court did not abuse its discretion either by revoking probation or by denying the Rule 35 motion. *See State v. Bell*, Docket No. 49103 (Ct. App. Jun. 27, 2022). These issues were not the subject of his application for post-conviction relief.

(Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

On appeal, Bell presents no argument that the district court's determination of untimeliness was erroneous. Additionally, because Bell's post-conviction counsel conceded to the district court that Bell filed his petition after the conclusion of the one-year statute of limitations, Bell has failed to preserve any argument on appeal. *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017) (declining to consider the merits of an issue that the State conceded in district court). Instead, Bell challenges the validity of his initial conviction, claiming ineffective assistance of counsel, prosecutorial misconduct, invalidity of his guilty plea, and abuse of discretion by the district court in revoking his probation. However, none of these claims were considered by the district court based on its conclusion, and Bell's concession, that his post-conviction petition was not timely filed. Because Bell has failed to show error in the district court's decision, we affirm.

**IV.**

**CONCLUSION**

Bell has failed to show error in the district court's summary dismissal of his petition for post-conviction relief. Accordingly, the district court's judgment summarily dismissing Bell's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.