**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51094**

| | | |
|---|---|---|
| DEON DONSHAY TOWNSEND, | ) | |
| | ) | **Filed: September 17, 2025** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Deon Donshay Townsend; Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Deon Donshay Townsend appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief. Townsend argues the district court erred by summarily dismissing his amended petition because he was denied access to the courts and was not given notice of the filing deadlines for either the appeal in his underlying criminal case or the petition for post-conviction relief, and thus, the time to file his petition should be equitably tolled. The State argues the district court did not err in summarily dismissing Townsend's amended petition and correctly determined that equitable tolling was unwarranted. The district court's judgment summarily dismissing Townsend's amended petition for post-conviction relief is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Townsend was charged with various controlled substance offenses. Although he initially appeared at trial, thereafter, he refused to appear or participate in the remainder of the trial, the presentence investigation (PSI) process, or the sentencing hearing. A judgment of conviction was entered on March 27, 2020, but because Townsend voluntarily absented himself from the sentencing hearing, he was not served a copy of the judgment of conviction. Thereafter, Townsend filed a pro se notice of appeal. The notice of appeal was untimely, and the Supreme Court dismissed the appeal. Townsend then filed a petition for post-conviction relief. The petition was also untimely. In the affidavit filed in support of the petition, Townsend argued his appeal was timely filed if the forty-two-day filing deadline excluded weekends and holidays and the failure to do so was a clerical error. Townsend requested counsel be appointed. The district court issued a notice of intent to dismiss the petition on the grounds that it was untimely and appointed counsel.

In his response to the notice of intent to dismiss, Townsend argued the time for filing his petition should be equitably tolled because he was unaware of the deadline for filing the petition. Townsend explained that because he was not present at the sentencing hearing and had not been served with a copy of the judgment of conviction, it was akin to being denied access to the courts, which constituted good cause for missing the deadline for filing his petition. The State filed a motion for summary dismissal and a memorandum in support, arguing Townsend knew he had forty-two days to file an appeal but simply miscalculated the filing deadline and his voluntary absence from the sentencing hearing was the cause of any lack of notice. Ultimately, the State argued Townsend failed to timely file his appeal and his petition, and thus, the case should be dismissed.

Townsend then filed an amended petition for post-conviction relief. Townsend did not sign or verify the amended petition or file an affidavit in support of his amended petition. Following a hearing, the district court granted the State's motion and summarily dismissed the case. Townsend appeals.

# II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if

true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Townsend argues, generally, that he was denied access to the courts, and thus, the time for filing his petition for post-conviction relief should be equitably tolled. First, Townsend argues that because he was absent from his sentencing hearing, he was never served a copy of the judgment of conviction or given notice of the time to file either an appeal or a petition for post-conviction relief. He argues his petition is untimely only because his appeal was untimely, and thus, equitable tolling should apply to the filing of his petition as a remedy for his absence during sentencing and lack of notice of the deadline to file an appeal. Next, he argues that the Idaho Supreme Court issued various emergency orders related to the COVID-19 pandemic, ultimately denying him access to the courts. According to Townsend, the denial of access to the courts is a basis for equitable tolling of the time to file his petition.

The State argues Townsend voluntarily waived his presence at sentencing, he knew of the forty-two-day deadline to file an appeal but simply miscalculated the filing deadline, and his miscalculation of that time period did not warrant equitable tolling of the deadline.

The district court found that Townsend's absence from the sentencing proceeding was not involuntary, as Townsend argued, but rather, that Townsend was offered the opportunity to attend the sentencing hearing and refused. The district court then looked to Townsend's amended petition and "evidence from the record to support the first amended petition." The district court reiterated its earlier finding that Townsend's absence from the trial, the PSI process, and sentencing was based on Townsend's refusal to participate. The district court also found that neither Townsend's original petition nor his amended petition allege Townsend did not know he had forty-two days to file an appeal or that he did not know of the deadline for filing a petition for post-conviction relief. Instead, the district court noted the only evidence presented was that Townsend knew about the forty-two-day deadline but miscalculated the days.

As to Townsend's claim that he was denied access to the courts, the district court found Townsend was housed in an Idaho Department of Correction facility, had access to the prison facilities, could file documents in the courts and, in fact, did file his petition. Thus, Townsend had access to the courts, regardless of the COVID-19 pandemic emergency orders. The petition was just filed late. The district court further found that because Townsend was not denied access to the courts, equitable tolling was unwarranted.

The district court also found equitable tolling was unwarranted because Townsend did not present any evidence supporting his claims and the only evidence contained in the affidavit accompanying Townsend's original petition indicated that Townsend independently knew he had forty-two days to file an appeal because his affidavit addressed how to calculate the forty-two-day time period, not that he was unaware of the time period.

Townsend does not challenge any of these findings on appeal. Because these factual findings are unchallenged, the district court's legal conclusion that Townsend's petition was untimely and there was no basis upon which to find the time limit should be equitably tolled is supported by the record. As such, we affirm the district court's judgment summarily dismissing Townsend's amended petition for post-conviction relief.

As further support of the district court's conclusion, we note there is no admissible evidence submitted with the amended petition, which is the only petition at issue. In this case, Townsend filed an amended petition for post-conviction relief. Generally, when an amended petition is filed, it supersedes the original, and the original is treated as non-existent. *See Hammer v. Ribi*, 162 Idaho 570, 573, 401 P.3d 148, 151 (2017). Townsend's amended petition was not signed or verified by Townsend, nor was there an affidavit attached. As we have repeatedly explained, a petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades*, 148 Idaho at 249, 220 P.3d at 1068; *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for

post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Because the amended petition is neither signed nor verified by Townsend, it does not contain any admissible evidence regarding any facts known to Townsend. With no verified facts in the amended petition, there is no evidence for the district court to consider. Thus, the district court's unchallenged factual findings are uncontradicted by any statements included in the amended petition.

But even if this Court were to review Townsend's amended petition, nothing therein addresses Townsend's lack of knowledge of the forty-two-day filing period for his notice of appeal. Although Townsend alleges he was not personally informed of this deadline by either the district court at sentencing (from which he voluntarily absented himself) or trial counsel, nowhere does Townsend allege he did not independently know that he had forty-two days to file a notice of appeal. Consequently, the district court correctly concluded Townsend had not established a genuine issue of material fact related to the untimely filing of his appeal.

Next, Townsend does not challenge the district court's legal conclusions that his petition was untimely filed because he did not establish a basis to equitably toll the statute of limitation for the filing of the petition. Townsend's judgment of conviction was entered March 27, 2020; the deadline for filing the petition for post-conviction relief was May 8, 2021. The petition was filed March 30, 2022. Thus, unless equitable tolling applies, Townsend's petition was not timely filed pursuant to Idaho Code § 19-4902, which is an independent ground for dismissal.

The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

Townsend fails to provide cogent legal argument, supported by citation to the record, why the district court erred in finding his petition was untimely filed and that he failed to establish a basis for equitable tolling. Townsend's brief on appeal highlights only the errors made in the trial court, as part of his criminal case. He provides no argument or authority explaining how the district court erred in either its factual findings or legal conclusions in the post-conviction proceeding. As a result, we decline to consider his arguments on appeal. *See Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) (holding that if an issue on appeal is not supported by any cogent argument or authority, it cannot be considered on appeal). Because the amended petition was untimely filed and Townsend did not establish good cause for equitably tolling the time to file his petition, the district court did not err in summarily dismissing Townsend's amended petition as untimely filed.

## IV.

## CONCLUSION

Townsend did not include any admissible evidence in his amended petition for post-conviction relief because his amended petition was unsigned, unverified, and there was no accompanying affidavit. The record supports the district court's conclusion that Townsend was not denied access to the courts and consequently, Townsend failed to establish the statute of limitation for filing his petition for post-conviction relief should be equitably tolled. As the petition was otherwise untimely, the judgment of the district court summarily dismissing Townsend's amended petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.